UNITED STATES BANKRUPTCY COURT
IN THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION - FLINT

IN RE:

FARMHOUSE FAMILY EATERY, INC.,

    Debtor.
_____/

Case No. 11-33913
Chapter 11 Proceeding
Hon. Daniel S. Opperman

## STIPULATION TO ENTRY OF ORDER CONFIRMING DEBTOR'S COMBINED PLAN AND DISCLOSURE STATEMENT

Now come the undersigned parties, and hereby stipulate to entry of the attached ORDER CONFIRMING PLAN AND DISCLOSURE STATEMENT.

Dated: 9/2/12

BY: LAMBERT, LESER, ISACKSON, COOK & GIUNTA, P.C.
/s/ Rozanne M. Giunta
ROZANNE M. GIUNTA (P29969)
Attorneys for Debtors
P.O. Box 835
Bay City, MI 48707-0835
Phone: (989) 893-3518
rgiunta@lambertleser.com

Dated: 7/2/12

BY: /s/ Moe Freedman (signed via email)
MOE FREEDMAN (P74224)
Assistant Attorney General
Michigan Department of Attorney General
Revenue & Collections Division
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
Phone: (313) 456-0044
Freedmanm1@michigan.gov

{00145243}

Dated: 7/3/12  BY: /s/ John W. Stevens *John W. Stevens by RMS w/ email consent*
JOHN W. STEVENS (P58184)
Senior Counsel
Office of Chief Counsel (US Treasury)
500 Woodward Ave., Ste. 1300
Detroit, MI 48226
Phone: (313) 628-3114
John.W.Stevens@IRSCOUNSEL.TREAS.GOV

Dated: 7/6/12  BY: /s/ Roland Hwang *Roland Hwang by RMS w/ email consent*
ROLAND HWANG (P32697)
Assistant Attorney General
Michigan Dept. of Attorney General
Unemployment Unit
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI 48202
Phone: (313) 456-2210
hwangr@michigan.gov

{00145243}

# EXHIBIT "1"

# UNITED STATES BANKRUPTCY COURT
# IN THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION - FLINT

IN RE:

FARMHOUSE FAMILY EATERY, INC.,         Case No. 11-33913
                                                  Chapter 11 Proceeding
         Debtor.                              Hon. Daniel S. Opperman
_____/

## ORDER CONFIRMING DEBTOR'S
## COMBINED PLAN AND DISCLOSURE STATEMENT

The Debtor's First Amended Combined Plan and Disclosure Statement under Chapter 11 of the Bankruptcy Code (the "Code") having been filed by the Debtor on May 18, 2012 (the "Plan) [Docket No. 56] and a copy of the Plan having been approved by the Court and a copy of said Plan having been trued and submitted to the holders of claims and interests, and the Court having indicated at a Hearing on June 27, 2012 that, if the Order Confirming Plan was submitted with the consent filed simultaneously herein, that, pursuant to the Local Rules for the Bankruptcy Court for Eastern District of Michigan, proofs having been waived, and it having been determined after notice and hearing that:

1. The Plan complies with the applicable provisions of Chapter 11 of the Code.

2. The proponents of the Plan have complied with the applicable provisions of the Code.

3. The Plan has been proposed in good faith and not by any means prohibited by law.

4. That any payment made or promised to be made by the proponent, by the Debtors, or by any person in issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the case, or in connection with the Plan and incident to the case, have been disclosed to the Court, and;

5. That any such payment made before confirmation of the Plan is reasonable, or if such payment is to be fixed after the confirmation of the Plan, such payment is subject to the approval of the Court as reasonable.

6. The proponent of the Plan has disclosed the identity and affiliation of any individuals proposed to serve, after confirmation of the Plan, as director, officer or voting trustee of the Debtors, and affiliation of the Debtors participating in a joint Plan with the Debtors, or a successor to the Debtors under the Plan; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of the Debtors and equity security holders and with public policy.

7. With respect to each Class, each holder who has a claim or interest of such Class has accepted the Plan or will receive or retain under the Plan on account of such claim or interest, property, of value, as of the effective date of the Plan, that is not less than the amount that such holder would have received or retained if the Debtors were liquidated under Chapter 7, or;

8. If Section 1129(b)(2) applies to the claims of such Class, each holder of a claim of such Class has accepted the Plan or will receive or retain under the Plan on account of such claim property of a value, as of the effective date of the Plan, that is not less than the value of such creditor's interest in the estate's interest in the property that secures such claim;

9. That with respect to each Class, such Class has accepted the Plan by voting or such Class is not impaired under the Plan with the exception of three objections to confirmation that were filed (collectively, the "Objections" and the "Objecting Creditors").

10. That except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that:

{00145250}2

a. With respect to the claim of the kind specified in Section 507(a)(2) or Section 507(a)(3) of the Code, on the effective date of the Plan, the holder of such claim will receive on account of such claim, cash equal to the amount allowed of such claim;

b. With respect to a Class of claims of the kind specified under Section 507(a)(1), Section 507(a)(4), Section 507(a)(5), Section 507(a)(6) or Section 507(a)(7) of the Code, each holder of a claim of such Class will receive, if such Class has accepted the Plan, deferred cash payments of a value, as of the effective date of the Plan, equal to the allowed amount of each claim, or, if such Class has not accepted the Plan, cash on the effective date of the Plan equal to the amount allowed of such claim, and;

c. With respect to a claim of a kind specified in Section 507(a)(8) of the Code, the holder of such claim will receive on account of such claim regular installment payments in cash: (i) of a total value, as of the effective date of the Plan, equal to the allowed amount of such claim; (ii) over a period ending not later than 5 years after the date of the order for relief under Section 301, 302, or 303; and (iii) in a manner not less favorable than the most favored non-priority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under Section 1122(b).

d. With respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under Section 507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (c).

11. If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

12. Confirmation of the Plan is not likely to be followed by liquidation or any further need for financial reorganization of the Debtors or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed by the Plan.

WHERFORE, IT IS HEREBY ORDERED that the Plan is hereby confirmed with the following amendments:

1) III. DEBTOR'S PLAN OF REORGANIZATION, B. is amended to read as follows:

Claim 2a – Secured Claim of the Michigan Unemployment Agency

• Treatment: The Michigan Unemployment Agency has a second secured claim in the amount of $21,450.77, pursuant to liens filed on February 15, 2011 and March 29, 2011. This second secured claim is to be paid from the sale proceeds of Debtor's assets as proceeds become available. A significant portion of the claim will be paid on confirmation from the funds currently held in the Debtors trust account, after payment of all Administrative Claims and Class 2 Claims. Subsequent payments are to be made on a quarterly basis in the amount of between $5,000.00 and $6,000.00 per quarter until the claim is paid in full. The latest that this claim will be paid is October of 2013. The claim will bear interest at the statutory amount. Voting this claim is impaired under the plan and is therefore entitled to a vote.

Class 3 - Secured Claim of Michigan Department of Treasury

• Treatment: The Michigan Department of Treasury's secured claim in the amount of $47,738.09 shall be paid in full from the sale proceeds of Debtor's assets as proceeds become

available after payment of all Class 1, 2 and 2a Claims. To the extent that said sale proceeds are not sufficient to pay the Class 3 Claim in full, the balance shall become a priority claim and shall be paid as a Class 6 Claim. Payment shall be made prior to any payment to the Internal Revenue Service on its Class 4 secured claim. This claim shall bear interest at the statutory amount.

### Class 4 – Third File Secured Claim of the Internal Revenue Service

- Treatment: The Internal Revenue Service has filed a Secured Claim in the amount of $20,251.78. This secured claim will be paid from sale proceeds of the Debtor's assets as proceeds become available. The Class 4 Claim will be paid after payment of Classes 1, 2, 2a and 3 in full. Subsequent to the payment in full of classes 1, 2, 2a and 3 the Class 4 Claims will be paid at a rate of between $5,000.00 and $6,000.00 per quarter until the entire principal balance is paid in full. To the extent that the sale proceeds are not sufficient to pay the Class 4 Claim in full, the balance shall become a Priority Claim and shall be paid as a Class 6 Claim. This claim shall bear interest at the statutory amount.

### Class 5 – DELETED IN ITS ENTIRETY

### Class 6 –

- Treatment: This paragraph which commences with "Treatment" shall be amended to add the following sentence at the end of said paragraph: These claims shall bear interest at the statutory amount.